FEDERAL DEPOSIT INSURANCE
CORPORATION, Plaintiff,
Appellee,

v.

Juan COLL GONZALEZ, et al.,
Defendants, Appellants.

No. 83–1715.

United States Court of Appeals,
First Circuit.

Argued Feb. 9, 1984.

Decided March 9, 1984.

Pedro Gonzalez Lopez, Rio Piedros, P.R., for defendants, appellants.

Ivan Cintron Campos, Rio Piedros, P.R., with whom John David Ferrer, Rio Piedros, P.R., was on brief, for plaintiff, appellee.

Before CAMPBELL, Chief Judge, WISDOM,* Senior Circuit Judge, and BREYER, Circuit Judge.

BREYER, Circuit Judge.

The Federal Deposit Insurance Corporation sued Juan Coll Gonzalez, Adelina Cuevas (husband and wife) and their "legal conjugal partnership" to collect the principal and interest due on a promissory note for $11,500, which Coll Gonzalez had executed in favor of Banco Credito y Ahorro Ponceno. The FDIC had bought the note from the bank when it became insolvent.

---

* Of the Fifth Circuit, sitting by designation.

The district court found in favor of the FDIC, and the defendants appeal.

 For the most part, defendants repeat the argument they made in the district court, namely, that there was no "consideration" for the note because they did not receive the proceeds of the loan from the bank. The record evidence, showing, among other things, that someone made monthly loan repayments of over $1,000, is more than adequate to support the district court's conclusion that the defendants did receive the money. Defendants' argument that the court erred in receiving into evidence a document written in Spanish without translation is frivolous. Rule 6 of the Local Rules of the Puerto Rico District Court normally requires translation, but specifically allows the court to "otherwise order." And, defendants do not deny that Spanish is their native language.

Although Coll Gonzalez's wife, Adelina Cuevas, did not sign the note, the conjugal partnership is liable. Conjugal partnerships are liable for commercial debts (like the one here) incurred by either of the spouses, even without the consent of the other spouse. 31 L.P.R.A. § 3672; *Padro Collado v. Espada,* 111 D.P.R. 56 (1981). The FDIC specifically stated at oral argument that it did not interpret the district court's opinion to mean that the wife herself actually signed the note and that it did not intend to collect the debt from the wife's separate property. Upon this understanding, the opinion of the district court is

*Affirmed.*